UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANK SLOBIG and JUDY SLOBIG,

    Plaintiffs,

-against-

PHILIP EDWARD GANNUSCIA, DAVID GREGORY BEVAN, JESSICA BJARNSON, THOMAS JAMES RISKAS, III, AUSTIN BAWDEN

    Defendants.

No. 16-CV-3783 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

Plaintiffs Frank Slobig and Judy Slobig (collectively, the "Slobigs") bring this action against Defendants Philip Edward Gannuscia, David Gregory Bevan, Jessica Bjarnson, Thomas James Riskas, III, and Austin Bawden , alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964. (Compl. ¶ 1, ECF No. 1.)

Presently before the Court is a motion to dismiss for lack of personal jurisdiction and improper venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) filed by Defendants' Jessica Bjarnson, Phillip Gannuscia, and Thomas Riskas, III (collectively, the "Utah Defendants"). (ECF No. 22.) Alternatively, the Utah Defendants request that this action be transferred to the United States District Court for the District of Utah pursuant to 28 U.S.C. §§ 1404(a) and 1406(a). Plaintiffs concur that the District of Utah is the most convenient forum for this action, and consent to the transfer. For the reasons that follow, the Court grants the Utah Defendants' motion to transfer this action to the United States District Court for the District of Utah and, therefore, declines to reach the issue of personal jurisdiction.

USD
DOCU
ELECTR
DOC #:
DATE FILED: 3/9/2018

**BACKGROUND**

Plaintiffs Frank and Judy Slobig (the "Slobigs") commenced this suit on May 20, 2016 alleging that Defendants used deceptive Internet sites and sham entities to attract and defraud consumers interested in work-at home opportunities. (Compl. ¶¶ 10–18, 44.) On July 30, 2013, the Slobigs responded to one such promotion—a click through Internet advertisement about starting a home-based Internet business. (*Id.* ¶ 45.) The promotion indicated that for only $97.00, consumers could learn how to earn supplemental income online. (*Id.* ¶ 46.) The advertisement also linked to various allegedly fabricated testimonials from consumers about their purported successes through the program. (*Id.* ¶¶ 51–53.)

After responding to Defendant's online promotion, the Slobigs received numerous aggressive and deceptive calls that included "sales pitches" for much more expensive services. (*Id.* ¶ 71.) Among these callers was Defendant Austin Bawden, who was allegedly working in concert with the other named Defendants. (*Id.* ¶ 56.) Defendant Bawden encouraged Plaintiffs to invest more of their money into Defendants' services, and to rely on their personal credit to fund their business. (*Id.* ¶¶ 55–67.) Relying on Defendant Bawden's representations and assurances, Plaintiffs agreed to engage with a company known as Supplier Source, LLC. (*Id.* ¶ 67.) That company then proceeded to further defraud Plaintiffs of thousands of dollars over the course of the next several months. (*Id.*) In particular, Supplier Source, LLC charged the Slobigs $7,095 for the purchase of a "Global Mentors" coaching package. (*Id.* ¶ 68.) The Slobigs, however, never received any "coaching" or other services of value for any of their payments. (*Id.* ¶¶ 69–72.)

The Slobigs commenced an action against the present Defendants along with a number of other Defendants in the District of Utah on May 19, 2015. One year later, the Slobigs commenced the present action alleging that Defendants' engaged in fraudulent "work-at-home"

and "coaching" schemes, in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). The Utah Defendants filed the instant motion to dismiss for lack of personal jurisdiction and improper venue, or alternatively, to transfer the venue of this action on August 15, 2017. (ECF No. 22.)

## APPLICABLE LAW

"On a motion to dismiss for improper venue under Rule 12(b)(3), the burden of proof lies with the plaintiff to show that venue is proper." *Detroit Coffee Co., LLC v. Soup for You, LLC*, No. 16-CV-9875 (JPO), 2018 WL 941747, at *1 (S.D.N.Y. Feb. 16, 2018) (internal quotations omitted) (quoting *Cartier v. Micha, Inc.*, No. 06-CV-4699, 2007 WL 1187188, at *2 (S.D.N.Y. Apr. 20, 2007)). Where no evidentiary hearing has been held, "the plaintiff need only make a *prima facie* showing of [venue]." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005) (alterations in original) (internal quotation marks omitted). "Such a showing entails making legally sufficient allegations, including an averment of fact that, if credited, would suffice to establish that . . . venue is proper." *Jenny Yoo Collection, Inc. v. Watters Design Inc.*, No. 16-CV-2205 (VSB), 2017 WL 4997838, at *4 (S.D.N.Y. Oct. 20, 2017) (internal quotation marks omitted) (quoting *BMW of N. Am. LLC v. M/V Courage*, No. 16-CV-4063 (JMF), 2017 WL 2223052, at *2 (S.D.N.Y. May 19, 2017)). In considering whether venue is proper, the Court "must view all facts in the light most favorable to the non-moving party." *Id.* (internal quotation marks omitted) (quoting *TradeComet.com LLC v. Google, Inc.*, 647 F.3d 472, 475 (2d Cir. 2011)).

Upon a finding of improper venue, a court may either dismiss the action, or "if it be in the interest of justice, transfer such a case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Further, "[e]ven when venue is proper in the Southern District of

3

New York, the Court may transfer an action pursuant to 28 U.S.C § 1404(a)." *Fleur v. Delta Air Lines, Inc.*, No. 15-CV-9513, 2016 WL 551622, at *1 (S.D.N.Y. Feb. 2, 2016) (internal quotation marks omitted) (quoting *Solar v. Annetts*, 707 F. Supp. 2d 437, 441 (S.D.N.Y. 2010)). Specifically, § 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district may transfer any civil action to any other district or division where it may have been brought . . . ." 28 U.S.C. § 1404 (a).

Further, the Second Circuit has recognized that a court may "transfer venue even if it lacks personal jurisdiction over the defendants." *Fort Knox Music Inc. v. Baptiste*, 257 F.3d 108, 112 (2d Cir. 2001). Accordingly, "[w]hen a defendant challenges both personal jurisdiction and venue, a court may consider venue first 'when there is a sound prudential justification for doing so.'" *Detroit Coffee Co.*, 2018 WL 941747, at *2 (quoting *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979)); *see also In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 922 F. Supp. 2d 445, 455 (S.D.N.Y. 2013) (noting that a court may resolve the threshold question of venue before addressing jurisdiction), *aff'd sub nom. In re Facebook, Inc., Initial Pub. Offering Derivative Litig.*, 797 F.3d 148 (2d Cir. 2015). Such prudential justification exists "where personal jurisdiction would likely exist in the transferee district over a defendant who contests personal jurisdiction in the Southern District of New York, . . . since a decision to transfer would render [the] personal jurisdiction analysis with respect to [the Southern District] irrelevant." *Detroit Coffee Co.*, 2018 WL 941747, at *2 (alteration in original) (internal quotation marks omitted) (quoting *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 741 (S.D.N.Y. 2013)).

## DISCUSSION

**I.    Transfer**

The Utah Defendants contend that venue is improper in this District. Under 28 U.S.C. § 1391(b), venue is generally appropriate in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought . . . , any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*See also Albergo v. Pearlman*, No. 07-CV-2285 (GBD), 2011 WL 102749, at *3 (S.D.N.Y. Jan 10, 2011). As none of the named Defendants reside in New York, the first category is inapplicable to the present action. (*See* Compl. ¶¶ 11-14.) Similarly, all parties concede that venue would be proper in the District of Utah, rendering the third category irrelevant. (*See* Defs.' Mem. of Law in Supp. of Mot. to Dismiss ("Defs.' Mot") at 12; Pls.' Response to Defs.' Mot. to Dismiss ("Pls.' Opp.") at 1.) The only remaining venue consideration is, thus, whether "a substantial part of the events or omissions giving rise to the claim occurred" within this district.

Plaintiffs' only substantive argument that venue is proper in the Southern District of New York is that they "resided in this District when the fraud against them was committed." (Compl. ¶ 3.) Although Plaintiffs' residence in this District during the relevant time period establishes that the financial burden of Defendants' alleged actions were felt in New York, that, without more, is insufficient to establish proper venue. As courts in this Circuit have explained, "[w]hile the locus of the harm suffered is a factor to consider, the case law does not support the theory that venue is proper on an economic-effects inquiry alone." *Ne. Landscape & Masonry Assocs., Inc. v. State of Connecticut Dep't of Labor*, No. 14-CV-9104 (KMK), 2015 WL 8492755, at *4

5

(S.D.N.Y. Dec. 10, 2015) (internal quotation marks omitted) (quoting *Astor Holdings, Inc. v. Roski*, No. 01-CV-1905, 2002 WL 72936, at *9 (S.D.N.Y. Jan. 17, 2002)). Rather, "the acts of Defendants, not the activities of or harm to Plaintiff, determine where venue properly lies." *Id.* Such an understanding of venue appears consistent with the Supreme Court's advisement that "the purpose of statutorily specified venue is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Leroy*, 443 U.S. at 183–84 (emphasis in original).

Nevertheless, this Court need not dwell on whether Plaintiff has alleged sufficient New York-related actions by Defendants to show that venue is proper in the Southern District of New York. Regardless of whether venue is proper in this District, the Court may transfer this action to any district where it might have been brought "in the interest of justice" or "for the convenience of parties and witnesses."[1] *See* 28 U.S.C. § 1404(a); 28 U.S.C. § 1406(a). In considering such a transfer, Courts must engage in a two-part inquiry. The Court must first consider "whether the action could have been brought in the proposed transferee forum; and second, whether the transfer would promote the convenience of parties and witnesses and would be in the interests of justice." *Solar*, 707 F. Supp. 2d at 442 (internal quotation marks omitted).

As to the first prong, Plaintiffs could have properly filed this action in the District of Utah—both Defendants and Plaintiffs agree that a substantial portion of Defendants' alleged activities took place there. In fact, Plaintiffs have commenced a related suit in that District with similar allegations against the same parties, and all parties have appeared and defended in that action. The Utah Court has, therefore, already established both jurisdiction and venue over

---

[1] While the consent of all parties is typically sufficient to justify transferring an action to a different district, *see* 28 U.S.C. § 1404, there is a non-moving Defendant in this action who has not expressed consent for transfer. Accordingly, this Court will engage in the more thorough transfer analysis.

analogous claims against these parties. (Pls.' Opp. at 6.) As such, the first prong of the inquiry is satisfied.

With regard to the second prong, Courts typically consider "(1) the plaintiff's choice of forum, (2) the convenience of the witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of the operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (internal quotation marks omitted).

Here, both the Utah Defendants and Plaintiffs agree that the District of Utah is the most convenient forum for this action. (Pls.' Opp. at 1; Defs.' Mot. at 15.) Accordingly, the first factor, which typically weighs against transfer, actually favors transferring this action: while Plaintiffs commenced this suit in New York, they have now expressed a preference to continue this litigation in Utah.

The remaining relevant factors also counsel towards transfer.[2] Indeed, Defendants contend—and Plaintiffs do not dispute—that a vast majority of potential witnesses, as well as the documents and evidence relevant to this case, are all located in Utah. (Defs.' Mot. at 15.) This Court would likely be unable to compel such witnesses to attend any trial, hearing, or deposition in this litigation. *See* Fed. R. Civ. P. 45(c)(1) ("a subpoena may command a person to attend a trial, hearing, or deposition only . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person . . . ."). Further, the Southern District of New York is not a convenient venue for any party in this litigation—all named Defendants either reside in Utah or are defending against similar allegations in Utah, and Plaintiffs reside in California and

---

[2] Plaintiffs' consent to transfer renders the final factor, "the relative means of the parties," irrelevant to the present analysis.

are already incurring the expense of travelling to Utah to prosecute their initial suit. (*Id*.) Additionally, as this Court has already addressed, the locus of operative facts does not clearly lie in the Southern District of New York. Accordingly, this Court finds that transfer to the District of Utah is warranted.

## II. First-Filed Rule

Finally, the Court denies Defendants' request that this action be dismissed pursuant to the first-filed rule. The Court recognizes that as a general matter, "where there are two competing lawsuits, the first suit should have priority." *Employers Ins. Of Wausau v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 274–75 (2d Cir. 2008) (internal quotation marks omitted). However, while Defendants contend that the present action and the Utah action are identical, Plaintiffs suggest that the cases address distinct instances of fraud perpetrated by the Defendants. (Pls.' Opp. at 6.) This Court is thus hesitant to dismiss Plaintiff's present claims, which may be similar, but ultimately separate from those asserted in the previously-filed litigation.

The District Court in Utah has presided over the parallel action for nearly three years, during which the parties have filed responsive pleadings and have engaged in motion practice. (Pls.' Opp. at 6.) The Utah Court is therefore better positioned to determine whether the issues raised in both cases are sufficiently similar to render this action duplicative and, if so, how to best proceed. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (recognizing that a district court faced with a duplicative suit may, in its discretion, elect to "stay the second suit, dismiss it without prejudice, enjoin the parties from proceeding with it, or consolidate the two actions").

Further, courts in this Circuit have voiced a preference for transferring rather dismissing actions where venue is challenged "when it is clear wherein proper venue would be laid."

*Metropa Co. v. Choi*, 458 F. Supp. 1052, 1055–56 (S.D.N.Y. 1978); *see also First State Ins. Co. v. Nat'l Cas. Co.*, No. 13-CV-0704 (AJN), 2013 WL 5439143, at *5 (S.D.N.Y. Sept 27, 2013); *Wolf v. AVX Corp.*, No. 08-CV-934 (WHP), 2008 WL 2695092, at *3 (S.D.N.Y. June 27, 2008); *Int'l Flavors & Fragrances Inc. v. Van Eeghen Int'l B.V.*, No. 06-CV-490 (JFK), 2006 WL 1876671, at *7 (S.D.N.Y. July 6, 2006). In keeping with that preference, this Court finds transfer—rather than dismissal—the prudent course of action.

## CONCLUSION

For the foregoing reasons, the Utah Defendants' motion to transfer this action is GRANTED. The Clerk of the Court is directed to terminate the motion at ECF No. 22. The Clerk of the Court is further directed to transfer the action to the United States District Court for the District of Utah and close this case.

Dated: March 9, 2018
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

9